UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

JERMAINE STUBBS,
    a/k/a "Bugga," and
DAVEON GREENE,
    a/k/a "Dee,"

              Defendants.

**INDICTMENT**

25 Cr.

**25 CRIM 467**

---

### COUNT ONE
### (Unlicensed Dealing of Firearms)
### (STUBBS)

The Grand Jury charges:

1. Between at least in or about March 2025 through at least in or about September 2025, in the Southern District of New York and elsewhere, JERMAINE STUBBS, a/k/a "Bugga," the defendant, not being a licensed importer, licensed manufacturer, or licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, willfully and knowingly engaged in the business of importing, manufacturing, and dealing in firearms, and in the course of such business shipped, transported, and received a firearm in interstate and foreign commerce, to wit, STUBBS obtained firearms outside the state of New York and sold those same firearms in New York, New York.

(Title 18, United States Code, Sections 922(a)(1)(A) and 2.)

### COUNT TWO
### (Interstate Transfer of a Firearm to an Out-of-State Resident)
### (STUBBS)

The Grand Jury further charges:

2. Between at least in or about March 2025 through at least in or about September

2025, in the Southern District of New York and elsewhere, JERMAINE STUBBS, a/k/a "Bugga," the defendant, not being a licensed importer or licensed manufacturer of ammunition within the meaning of Chapter 44, Title 18, United States Code, willfully and knowingly transferred, sold, traded, gave, transported, and delivered a firearm to another individual, said person not being a licensed importer, licensed manufacturer, licensed dealer, or licensed collector of firearms within the meaning of Chapter 44, Title 18, United States Code, knowing and having reasonable cause to believe that said person was not then residing in the state in which STUBBS was then residing, to wit, STUBBS, then a resident of North Carolina, sold, and transported for delivery, firearms to an undercover law enforcement officer, a person STUBBS had reasonable cause to believe resided in the state of New York.

(Title 18, United States Code, Sections 922(a)(5) and 2.)

## COUNT THREE
### (Possession of a Firearm After a Felony Conviction)
### (STUBBS)

The Grand Jury further charges:

3.     On or about July 11, 2025, in the Southern District of New York and elsewhere, JERMAINE STUBBS, a/k/a "Bugga," the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, (1) one Polymer 80 9 caliber semi-automatic pistol with no serial number; (2) one Springfield Armory Hellcat 9 caliber semi-automatic pistol, serial number BA119275; (3) one Taurus G2C 9 caliber semi-automatic pistol, serial number ACL491994; (4) one Smith & Wesson Model 469 9 caliber semi-automatic pistol, serial number TAA3657; and (5) one Taurus G3 9 caliber semi-automatic pistol, serial number ADJ665573, and the firearms were in and affecting commerce.

(Title 18, United States Code, Section 922(g)(1).)

## COUNT FOUR
## (Unlicensed Dealing of Firearms)
## (GREENE)

The Grand Jury further charges:

4. Between at least in or about August 2025 through at least in or about September 2025, in the Southern District of New York and elsewhere, DAVEON GREENE, a/k/a "Dee," the defendant, not being a licensed importer, licensed manufacturer, or licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, willfully and knowingly engaged in the business of importing, manufacturing, and dealing in firearms, and in the course of such business shipped, transported, and received a firearm in interstate and foreign commerce, to wit, GREENE obtained firearms outside the state of New York and sold those same firearms in New York, New York.

(Title 18, United States Code, Sections 922(a)(1)(A) and 2.)

## COUNT FIVE
## (Interstate Transfer of a Firearm to an Out-of-State Resident)
## (GREENE)

The Grand Jury further charges:

5. Between at least in or about August 2025 through at least in or about September 2025, in the Southern District of New York and elsewhere, DAVEON GREENE, a/k/a "Dee," the defendant, not being a licensed importer or licensed manufacturer of ammunition within the meaning of Chapter 44, Title 18, United States Code, willfully and knowingly transferred, sold, traded, gave, transported, and delivered a firearm to another individual, said person not being a licensed importer, licensed manufacturer, licensed dealer, or licensed collector of firearms within the meaning of Chapter 44, Title 18, United States Code, knowing and having reasonable cause to believe that said person was not then residing in the state in which STUBBS was then residing, to wit, STUBBS, then a resident of North Carolina, sold, and transported for delivery, firearms to an

3

undercover law enforcement officer, a person STUBBS had reasonable cause to believe resided in the state of New York.

(Title 18, United States Code, Sections 922(a)(5) and 2.)

## COUNT SIX
### (Trafficking in Firearms)
### (GREENE)

The Grand Jury further charges:

6. Between at least in or about August 2025 through at least in or about September 2025, in the Southern District of New York and elsewhere, DAVEON GREENE, a/k/a "Dee," the defendant, shipped, transported, transferred, caused to be transported, and otherwise disposed of a firearm to another person in and otherwise affecting interstate commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony as defined in Title 18, United States Code, Section 932(a), to wit, GREENE sold firearms to an undercover law enforcement officer in New York, New York, with reasonable cause to believe that the buyer was illegally trafficking the guns internationally.

(Title 18, United States Code, Sections 933(a)(1) and 2.)

## COUNT SEVEN
### (Possession with Intent to Distribute Narcotics)
### (GREENE)

The Grand Jury further charges:

7. On or about September 15, 2025, in the Southern District of New York and elsewhere, DAVEON GREENE, a/k/a "Dee," the defendant, knowingly and intentionally distributed and possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

8. The controlled substance involved in the offense was 10 grams and more of

4

mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(B).)

## COUNT EIGHT
### (Conspiracy to Engage in Unlicensed Dealing of Firearms)
### (STUBBS and GREENE)

The Grand Jury further charges:

9. From at least in or about March 2025 through at least in or about September 2025 in the Southern District of New York and elsewhere, JERMAINE STUBBS, a/k/a "Bugga," DAVEON GREENE, a/k/a/ "Dee," the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, trafficking in firearms, in violation of Title 18, United States Code, Section 922(a)(1)(A).

10. It was a part and object of the conspiracy that JERMAINE STUBBS, a/k/a "Bugga," DAVEON GREENE, a/k/a/ "Dee," the defendants, and others known and unknown, not being licensed importers, licensed manufacturers, or licensed dealers of firearms within the meaning of Chapter 44, Title 18, United States Code, would and did willfully and knowingly engage in the business of dealing in firearms, and in the course of such business would and did ship, transport, and receive firearms in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(a)(1)(A).

Overt Acts

11. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about March 13, 2025, JERMAINE STUBBS, a/k/a "Bugga," the

defendant, traveled from North Carolina to Manhattan, New York with two firearms.

    b.  On or about March 13, 2025, STUBBS sold two firearms to an undercover officer for approximately $2,300 in Manhattan, New York.

    c.  On or about April 4, 2025, STUBBS traveled from North Carolina to Manhattan, New York with five firearms.

    d.  On or about April 4, 2025, STUBBS, who arrived at the sale location with another individual, sold five firearms to an undercover officer for approximately $6,000 in Manhattan, New York. Following the sale, STUBBS placed a video call to a second individual, indicating that STUBBS intended to obtain more firearms to sell in New York.

    e.  On or about July 11, 2025, STUBBS traveled from North Carolina to Manhattan, New York with five firearms.

    f.  On or about July 11, 2025, STUBBS sold five firearms to an undercover officer for approximately $6,500 in Manhattan, New York.

    g.  On or about July 18, 2025, STUBBS, traveled from North Carolina to Manhattan, New York with four firearms.

    h.  On or about July 18, 2025, STUBBS sold four firearms to an undercover officer for approximately $5,400 in Manhattan, New York.

    i.  On or about July 29, 2025, STUBBS traveled from North Carolina to Manhattan, New York with five firearms.

    j.  On or about July 29, 2025, STUBBS sold five firearms to an undercover officer for approximately $6,500 in Manhattan, New York.

    k.  On or about August 5, 2025, STUBBS traveled from North Carolina to Manhattan, New York with two firearms.

l. On or about August 5, 2025, STUBBS sold two firearms to an undercover officer for approximately $3,500 in Manhattan, New York.

m. On or about August 9, 2025, STUBBS traveled from North Carolina to Manhattan, New York with four firearms.

n. On or about August 9, 2025, STUBBS sold four firearms to an undercover officer for approximately $4,800 in Manhattan, New York.

o. On or about August 31, 2025, STUBBS communicated with DAVEON GREENE, a/k/a "Dee," the defendant, regarding GREENE engaging in firearms sales with the UC and STUBBS provided information to GREENE about how to communicate with the UC.

p. On or about September 5, 2025, GREENE traveled from North Carolina to Manhattan, New York with three firearms.

q. On or about September 5, 2025, GREENE sold three firearms to an undercover officer for approximately $3,600 in Manhattan, New York.

r. On or about September 15, 2025, GREENE traveled from North Carolina to Manhattan, New York with three firearms.

s. On or about September 15, 2025, GREENE sold three firearms to an undercover officer for approximately $4,400 in Manhattan, New York.

(Title 18, United States Code, Section 371.)

## COUNT NINE
### (Firearms Use, Carrying, and Possession)
### (GREENE)

The Grand Jury further charges:

12. On or about September 15, 2025, in the Southern District of New York and elsewhere, DAVEON GREENE, a/k/a "Dee," the defendant, during and in relation to a drug trafficking crime for which GREENE may be prosecuted in a court of the United States, namely,

the possession with intent to distribute narcotics charged in Count Seven of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm.

(Title 18, United States Code, Section 924(c)(1)(A)(i).)

## FORFEITURE ALLEGATIONS

13. As a result of committing the offense alleged in Counts One, Two, Three, and Eight of this Indictment, JERMAINE STUBBS, a/k/a "Bugga," the defendant, and as a result of committing the offenses alleged in Counts Four, Five, Six, Eight, and Nine of this Indictment, DAVEON GREENE, a/k/a "Dee," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28 United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offenses, including but not limited to:

  a. A Polymer 80 Privately Made Firearm with a Glock slide serial number AGMB019;

  b. A Glock, Model 30, .45 caliber, semi-automatic pistol seral number BUSW559,

  c. A SCCY CPX-2 9 caliber semi-automatic pistol, serial number 167943;

  d. A SCCY CPX-2 9 caliber semi-automatic pistol, serial number 054608;

  e. A Canik TP9 Elite SC 9 caliber semi-automatic pistol, serial number 22CB21939;

  f. A Springfield Armory XDM-45 45 ACP caliber semi-automatic pistol, serial number MG539071;

  g. A Palmetto State Armory PA-15, multi-caliber semi-automatic AR pistol, serial number DCSF102621;

  h.  A Polymer 80 9 caliber semi-automatic pistol with no serial number;

  i.  A Springfield Armory Hellcat 9 caliber semi-automatic pistol, serial number BA119275;

  j.  A Taurus G2C 9 caliber semi-automatic pistol, serial number ACL491994;

  k.  A Smith & Wesson Model 469 9 caliber semi-automatic pistol, serial number TAA3657;

  l.  A Taurus G3 9 caliber semi-automatic pistol, serial number ADJ665573

  m.  A Palmetto State Armory Rock 5.7 caliber semi-automatic pistol, serial number RK018292;

  n.  A Palmetto State Armory Dagger Compact 9 caliber semi-automatic pistol, serial number FG171474;

  o.  A Taurus G3 9 caliber semi-automatic pistol, serial number AEH570463;

  p.  A Palmetto State Armory PA-15 multi-caliber semi-automatic AR pistol, serial number SCD846114;

  q.  A Taurus G2C 40 caliber semi-automatic pistol, serial number ADJ744567;

  r.  A Taurus G3C 9 caliber semi-automatic pistol, serial number AGK531211;

  s.  A Taurus G2C 9 caliber semi-automatic pistol, serial number AGG277279;

  t.  A Taurus G2C 9 caliber semi-automatic pistol, serial number AEE409600;

  u.  A Smith & Wesson M&P-15 multi-caliber semi-automatic rifle, serial number SY33985;

  v.  A Glock 9 caliber semi-automatic pistol, serial number AHDY905;

  w.  An Anderson Manufacturing AM-15 multi-caliber semi-automatic AR pistol, serial number 21029944;

  x. A Taurus GX4 9 caliber semi-automatic pistol, serial number 1GA73706;

  y. A Glock 22 40 caliber semi-automatic pistol, serial number AGEH833;

  z. A SCCY CPX-1 9 caliber semi-automatic pistol, serial number 646378;

  aa. A Taurus G2C 9 caliber semi-automatic pistol, serial number ABK032520

  bb. A Smith & Wesson M&P 380 Shield EZ .380 auto caliber semi-automatic pistol, serial number RCD9325;

  cc. A Taurus GX2 9 caliber semi-automatic pistol, serial number AHB776532;

  dd. A Ruger EC9s 9 caliber semi-automatic pistol, serial number 453-88486;

  ee. A Palmetto State Armory, Palmetto Dagger Micro, 9 caliber semi-automatic pistol, serial number JD921211;

  ff. A Palmetto State Armory, Palmetto Dagger Fill Size-S, 9 caliber, semi-automatic frame, serial number SZF030437; and

  gg. A Draco, Micro Draco, 7.62 caliber, semi-automatic pistol, serial number PMD-14755-19.

  14. As a result of committing the offense alleged in Count Seven of this Indictment, DAVEON GREENE, a/k/a "Dee," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense and the following specific property:

10

      a.      Approximately $5,000 in United States currency that was seized on or about September 15, 2025 that was in the possession of GREENE.

### Substitute Assets Provision

15.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 924;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
JAY CLAYTON
United States Attorney