UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

DAVEON GREENE, a/k/a/ "Dee,"

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/22/2026

25 Cr. 467-2 (AT)

**ORDER**

ANALISA TORRES, District Judge:

By motion dated December 5, 2025, the Government asks the Court to enter its proposed protective order ("PPO") governing discovery in this case. *See* Mot., ECF No. 20;[1] PPO, ECF No. 20-1; *see also* Resp., ECF No. 23; Reply, ECF No. 25. For the reasons stated below, the motion is GRANTED. The Court shall enter a Protective Order based on the PPO in due course.

I.     Background

On October 10, 2025, Defendant Daveon Greene was indicted on six offenses, all arising out of a series of firearms sales allegedly made by Greene and her co-defendant, Jermaine Stubbs, to an undercover law enforcement officer (the "UC") in 2025. *See* Mot. at 1; Indictment, ECF No. 7. The Government claims that its investigation produced audio and video recordings of the firearms sales by both Greene and Stubbs and audio recordings of phone conversations between Greene and the UC and between Stubbs and the UC. *See* Mot. at 2; *see generally* Compl., ECF No. 1.

Greene is currently released on bail and participating in inpatient substance abuse treatment in North Carolina pursuant to the undersigned's order modifying her conditions of pretrial release. *See*

---

[1] The Government filed its motion with redactions on the public docket and submitted an unredacted letter to the Court and defense counsel. The Government requests that the unredacted motion be maintained under seal. The Court agrees that the Government's redactions are appropriate and narrowly tailored to protect information related to the undercover officer and ongoing investigations, and will maintain the unredacted letter under seal. *See* ECF No. 26.

Mot. at 2; Order, ECF No. 15.  Trial is scheduled for August 31, 2026.  *See* 11/10/2025 ECF Minute Entry.

The PPO proposes that all material disclosed to Greene in this case be labeled "Disclosure Material."  PPO ¶ 1.  The PPO contemplates three further designations for Disclosure Material: Sealed, Attorney's Possession Only ("APO"), and Attorney's Eyes Only ("AEO").  *See* Mot. at 1; PPO ¶¶ 2–4.  Generally, the PPO restricts the public sharing of all Disclosure Material, requires the filing under seal of all Sealed Material, restricts possession of APO Materials to defense counsel, and restricts defense counsel from sharing AEO Materials with "any other persons, including the defendant, except for any personnel for whose conduct defense counsel is responsible."  PPO ¶¶ 5–8. In support of the PPO, the Government argues that the APO and AEO designations are necessary for "significant safety, privacy, and law enforcement" concerns, given the involvement of the UC in this case, who continues to serve, at present, in an undercover role in multiple investigations.  Mot. at 3. The Government also argues that a "limited amount" of material will be designed APO or AEO and that AEO Material will "consist[] primarily of unblurred videos and images of the undercover law enforcement officer."  Mot. at 1, 3 n.3.  The Government represents that the unblurred videos will include, at times, the UC's face.  *Id.* at 3.

Although Greene consents to the entry of an order with a "Sealed Material" designation and with the proposed restrictions concerning the use of all Disclosure Material, Resp. at 1; PPO at 3–4, she objects to the Government's proposed APO and AEO designations, arguing that the Government has only made "conclusory" and "boilerplate" assertions that the PPO is necessary and that such "[g]eneral assertions" are insufficient to show good cause for entering the PPO.  *See* Resp. at 3. Greene also argues that in numerous other cases involving confidential sources, judges of this Court have entered less restrictive protective orders than the PPO here.  *Id.* at 4–5.

II.    Discussion

Federal Rule of Criminal Procedure 16(d)(1) provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection."  Under this Rule, the Court has "discretion to establish conditions under which the defense may obtain access to discoverable information."  *United States v. Jackson*, No. 21 Cr. 537, 2022 WL 582700, at *2 (S.D.N.Y. Feb. 25, 2022) (citation omitted).  Where a party seeks a protective order governing Rule 16 disclosure, that party "has the burden of showing that good cause exists for issuance of that order."  *United States v. Smith*, 985 F. Supp. 2d 506, 522–23 (S.D.N.Y. 2013) (citation omitted).  Good cause may be shown by demonstrating that disclosure could result "in a clearly defined, specific and serious injury," such as "causing a risk of harm to law enforcement or others."  *Jackson*, 2022 WL 582700, at *2 (citation omitted).  However, courts have also held that "the nature of the showing of particularity" concerning the proposed harm resulting from full disclosure may vary depending on the circumstances of the case and the stage in litigation.  *Smith*, 985 F. Supp. 2d at 523 (citation omitted).

The Government has shown good cause for the entry of the PPO.  First, the Government has sufficiently alleged that its APO and AEO designations are reasonably necessary to protect the identity and confidentiality of the UC, who maintains an active undercover role in other Government investigations.  Mot. at 3.  Disclosing materials to Greene that could risk the personal identification of the UC clearly poses a threat to the UC's safety and efficacy in other investigations, which, notably, include investigations concerning the sale of dangerous firearms.  *Id.*  For example, in *United States v. Jackson*, the Honorable Laura Taylor Swain found that restricting video evidence that contained footage of sales to another UC to defense counsel's possession only was justified, due to similar concerns regarding the safety and efficacy of further law enforcement efforts.  *See* 2022 WL 582700,

at \*2–3;[2] *United States v. Hines*, No. 25 Cr. 25, 2025 WL 2109072, at \*1–2 (S.D.N.Y. July 28, 2025) (finding that protecting the privacy and safety of undercover officers constitutes good cause).

Furthermore, the Government proposes that the AEO Material it will designate will be primarily produced to Greene on a less-restrictive basis as well, with the UC's face and any identifying features of the UC blurred, but with the audio portions of the material unaltered. *See* Mot. at 3 n.3, 5. Such restricted disclosure will not significantly prejudice Greene and will still allow her to mount a full defense. Although Greene is indigent and may face burdens in attempting to visit counsel's office to view APO and AEO Materials, the restrictions in the PPO do not prevent defense counsel from fully discussing with Greene the altered footage produced in any APO Material, which would include the UC's voice and statements and Greene's actions. *See* PPO ¶¶ 5–7 (providing for no restrictions on defense counsel's ability to discuss Disclosure Material, Sealed Material, or APO Material with Greene); *see also Hines*, 2025 WL 2109072, at \*2 ("[I]nconvenience is insufficient to overcome the Government's demonstration of good cause or its APO material designation."). Last, entering the PPO does not prevent the parties from contesting the designations made to particular material at a later date. *See* Mot. at 4 & n.5; PPO at ¶ 10.

Greene argues that this case is "indistinguishable from countless others involving active confidential informants or undercover law enforcement witnesses in which the Court endorsed less restrictive protective orders." Resp. at 4. But this elides key differences between the defense's cited cases and this case. For example, although the defense correctly notes that in *United States v. Molina*, No. 25 Cr. 316 (S.D.N.Y.), the court endorsed a protective order which did not include APO or AEO-analogous designations despite the existence of confidential informant and undercover

---

[2] The *Jackson* case did not impose a restriction analogous to the AEO restriction proposed in this case, but in the material subject to disclosure in that case, "the UC [was] not visible." *See Jackson*, 2022 WL 582700, at \*2.

officer, *see* ECF No. 9 in No. 25 Cr. 316, the complaint in that case suggests that the primary evidence was reports, records, and communications of events, with only some video footage. *See* ECF No. 1 in No. 25 Cr. 316, at ¶¶ 13–14. In that case, there is no indication that the video footage captured the undercover informant or that other material could lead to his identification. *See id.*

Likewise, *United States v. Chen*, No. 24 Cr. 77 (S.D.N.Y.), involved a protective order that did not include an APO designation but did include an AEO designation. *See* Protective Order, ECF No. 14, in No. 24 Cr. 77, at ¶¶ 3, 6. Like *Molina*, it is unclear from the complaint in *Chen* whether any video evidence in the case could lead to the personal identification of an undercover informant. *See generally* ECF No. 1, in No. 24 Cr. 77. And in *United States v. Carmona Carmona*, No. 22 Cr. 434 (S.D.N.Y.), the undersigned did enter a protective order without APO or AEO designations, but the complaint, once more, does not indicate that video evidence with personally identifying material was relevant to the case. *See* ECF No. 18, in No. 22 Cr. 434 (Protective Order); ECF No. 1, in No. 22 Cr. 434 (Complaint); *see also* Reply at 1–2 (distinguishing cases and noting that "the protective orders in five of the seven cases cited by defendant actually include [APO or AEO or equivalent similar designations]"). Accordingly, the Court is not convinced that entering the Government's proposed order in this case would contradict its practice in other cases.

III.    Conclusion

For the reasons stated above, the Government has met its burden to demonstrate good cause for entry of the PPO filed at ECF No. 20-1. The Court will enter a protective order to govern disclosure in due course.

SO ORDERED.

Dated: January 22, 2026
      New York, New York

                                            _____
                                                ANALISA TORRES
                                      United States District Judge