USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/25/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

      - v. -

DAVEON GREENE,
    a/k/a "Dee,"

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

          :
          :
          :    CONSENT PRELIMINARY ORDER
             OF FORFEITURE AS TO SPECIFIC
          :    PROPERTY/
             MONEY JUDGMENT
          :
             S1 25 Cr. 467 (AT)
          :

WHEREAS, on or about June 22, 2026, DAVEON GREENE (the "Defendant"), was charged in a two-count Superseding Information, S1 25 Cr. 467 (AT) (the "Information"), with trafficking in firearms, in violation of Title 18, United States Code, Sections 933(a)(1) and 2 (Count One); and possession with intent to distribute narcotics, in violation of Title 21, United States Code, Section 812, 841(a)(1), and 841(b)(1)(C);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 924(d)(1) and 934(a)(1), and Title 28, United States Code, Section 2461(c), of any property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of the offense charged in Count One of the Information, and any of the Defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense charged in Count One of the Information, and any and all firearms and ammunition involved in or used in the offense charged in Count One of the Information, including but not limited to:

      a.  A Smith & Wesson M&P 380 Shield EZ .380 auto caliber semi-automatic pistol, serial number RCD9325;

    b.   A Taurus GX2 9 caliber semi-automatic pistol, serial number AHB776532;

    c.   A Ruger EC9s 9 caliber semi-automatic pistol, serial number 453-88486;

    d.   A Palmetto State Armory, Palmetto Dagger Micro, 9 caliber semi-automatic pistol, serial number JD921211;

    e.   A Palmetto State Armory, Palmetto Dagger Fill Size-S, 9 caliber, semi-automatic frame, serial number SZF030437; and

    f.   A Draco, Micro Draco, 7.62 caliber, semi-automatic pistol, serial number PMD-14755-19

(a. through f., collectively, the "Indictment Property");

WHEREAS, the Information also included a forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count Two of the Information, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense charged in Count Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Information;

WHEREAS, on or about June 22, 2026, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Two of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 934(a)(1) and 924(d)(1), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853, (i) all right, title, and interest of the Defendant in the Indictment Property; and (ii) a sum of money equal to $5,000 in United States currency, representing proceeds

Defendant obtained, directly or indirectly, as a result of the commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $5,000 in United States currency, representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information that the Defendant personally obtained;

WHEREAS, the Defendant further consents, pursuant to Title 18, United States Code, Sections 934(a)(1) and 924(d)(1), and Title 28, United States Code, Section 2461(c), to the forfeiture of all his right, title and interest in the following property, as firearms and ammunition involved in the offense charged in Count One of the Information:

a. A Smith & Wesson M&P 380 Shield EZ .380 auto caliber semi-automatic pistol, serial number RCD9325, seized by the Government on or about September 5, 2025, in Manhattan, New York;

b. One M&P .380 caliber magazine;

c. A Taurus GX2 9 caliber semi-automatic pistol, serial number AHB776532, seized by the Government on or about September 5, 2025, in Manhattan, New York;

d. One Mec-Gar 9mm Magazine;

e. A Ruger EC9s 9 caliber semi-automatic pistol, serial number 453-88486, seized by the Government on or about September 5, 2025, in Manhattan, New York;

f. One Ruger 9mm Magazine;

g. A Palmetto State Armory, Palmetto Dagger Micro, 9 caliber semi-automatic pistol, serial number JD921211, seized by the Government on or about September 15, 2025, in Manhattan, New York (the "Palmetto Pistol-1");

h. One 15 round magazine found inside the Palmetto Pistol-1;

i. A Palmetto State Armory, Palmetto Dagger Full Size-S, 9 caliber, semi-automatic frame, serial number SZF030437, seized by the Government on or

about September 15, 2025, in Manhattan, New York (the "Palmetto Pistol-2");

j.   One ETS Group.com 9mm magazine found inside the Palmetto Pistol-2;

k.   A Draco, Micro Draco, 7.62 caliber, semi-automatic pistol, serial number PMD-14755-19, seized by the Government on or about September 15, 2025, in Manhattan, New York (the "Draco Pistol"); and

l.   One PMAG MOE 7.62X39 Magazine found inside the Draco Pistol

(a. through l., collectively, the "Specific Property");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Rita Maxwell, of counsel, and the Defendant, and his counsel, Jonathan Marvinny, Esq., that:

1.   As a result of the offenses charged in Counts One and Two of the Information, to which the Defendant pled guilty, a money judgment in the amount of $5,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2.     As a result of the offenses charged in Counts One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant DAVEON GREENE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.     All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.     The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.     Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.     Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site,

www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.    The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.    Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

11.    Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14.    The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property/Money Judgment may be executed in one or more counterparts, each of which

will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York


By:    _____        6-22-26
       Rita Maxwell                        DATE
       Assistant United States Attorney
       26 Federal Plaza
       New York, NY 10278
       (212) 637-2206


DAVEON GREENE


By:    DAVEON Greene                        6/22/26
       Daveon Greene                        DATE


By:    _____          6/22/26
       Jonathan Marvinny, Esq.              DATE
       Attorney for Defendant
       52 Duane Street, 10ᵗʰ Floor
       New York, NY 10007


SO ORDERED:

_____                6/25/2026
HONORABLE ANALISA TORRES                   DATE
UNITED STATES DISTRICT JUDGE